**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| Sony Alexander,<br><br>   Plaintiff,<br><br>V.<br><br>Midland Credit Management, Inc.<br><br>   Defendant. | Civil Action No. 4:14-cv-00256<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT

1. This is an action for actual and statutory damages and for declaratory relief for unlawful debt collection practices brought by Sony Alexander against Midland Credit Management, Inc. ("MCM"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq.* ("TDCA"), and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code, Chapter 17, Subchapter E ("TDTPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the conduct complained of occurred here.

## PARTIES

3. Plaintiff Sony Alexander is a natural person residing in Collin County, Texas, who allegedly owed to Defendant MCM's subsidiary, Midland Funding LLC ("Midland"), an unpaid balance on a consumer credit account. Plaintiff is a "consumer" as defined by the FDCPA at 15 U.S.C. § 1692a(3) and by the TDCA at Tex. Fin. Code § 392.001(1).

4. Defendant MCM is a Kansas corporation engaged in the business of collecting consumer debts that are allegedly owed to Midland, its wholly-owned subsidiary. Using instrumentalities of interstate commerce, Defendant sought to collect from Plaintiff the unpaid balance allegedly due on a consumer credit account that Midland acquired after Plaintiff's default. Defendant is registered in Texas as a foreign for-profit corporation, and Defendant has filed with the Texas Secretary of State a surety bond to engage in debt collection activities in Texas (File No. 20020087). Defendant is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) and by the TDCA at Tex. Fin. Code § 392.001(6), and Defendant is a "third-party debt collector" as defined by the TDCA at Tex. Fin. Code § 392.001(7).

## FACTUAL ALLEGATIONS

5. Midland filed suit against Plaintiff on January 24, 2014, in Justice Court, Precinct 3, Place 1, of Collin County, Texas, in Cause No. 31-FC-14-00094 styled *Midland Funding LLC v. Sony Alexander*, seeking recovery of an unpaid balance of $2,195.14 that was allegedly due under an open-end consumer credit agreement between Plaintiff and Midland's purported predecessor in interest, Dell Financial Services, LLC ("Dell").

6. According to Midland's Original Petition in the state court action, Dell charged off the account at issue on or about April 18, 2011.

7. Dell did not provide any billing statements to Plaintiff after April 18, 2011, and at no

time did Dell provide a billing statement to Plaintiff showing an unpaid balance in excess of $2,195.14.

8.  Pursuant to 12 C.F.R. § 226.5(b)(2)(i), Dell waived its right to charge future interest and fees when it charged off the account at issue and ceased providing periodic billing statements to Plaintiff.

9.  Prior to filing the state court action, Defendant mailed a "Statement" to Plaintiff dated April 26, 2013, in which Defendant falsely claimed that the amount of the debt was $2,856.08, including $660.94 in unlawful interest accruing at the rate of 15% per annum.

10. Defendant is not authorized to recover post-charge-off interest from Plaintiff under any agreement with Plaintiff or under any provision of governing law.

11. Defendant is not licensed to engage in consumer lending under Texas law and has never loaned money or extended credit to Plaintiff.

12. In the "Statement" dated April 26, 2013, Defendant stated: "If you do not pay $2,856.08 by 05-26-2013, because of interest that may vary from day to day, the amount due on the day you pay may be greater." Thus, Defendant attempted to extort payment from Plaintiff of an unlawfully inflated amount with the threat of even greater increases if payment of the inflated amount was not made.

13. In a "Pre-Legal Notification" also dated April 26, 2013, Defendant directed Plaintiff to "[c]all us today to see how to qualify for discounts and affordable payment plans," knowing that its so-called "discounts" were deceptively based upon an unlawfully inflated debt of $2,856.08.

14. Contrary to Defendant's previously inflated claims, Midland asserted in the state court action that the amount due as of January 2, 2014, was $2,195.14.

15. Midland has no employees and operates solely under the direction and control of Defendant.

16. By seeking to recover only $2,195.14 in the state court action, Midland, acting under the direction and control of Defendant, implicitly acknowledged that it could not lawfully recover the $660.94 in unlawful interest that Defendant attempted to collect from Plaintiff.

17. Plaintiff suffered considerable distress as a direct result of Defendant's unlawful conduct, justifiably fearing that he would be subjected to rapidly escalating costs if he did not succumb to Defendant's unlawful demands, thus causing Plaintiff to suffer substantial anxiety, nervousness, worry, emotional and mental distress, and other compensable damages.

18. On April 3, 2014, Midland filed a Notice of Nonsuit voluntarily dismissing the state court action.

## COUNT I
## DEFENDANT'S VIOLATIONS OF THE FDCPA

19. Plaintiff repeats and incorporates by reference the preceding paragraphs.

20. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount of the alleged debt in its "Statement" and in its "Pre-Legal Notification" dated April 26, 2013.

21. Defendant violated 15 U.S.C. § 1692e(1) by using false representations and deceptive means to collect an unlawfully inflated debt.

22. Defendant violated 15 U.S.C. § 1692(f)(1) by attempting to collect unauthorized interest.

23. Defendant violated 15 U.S.C. § 1692(e) by using false, deceptive, and misleading representations and means to collect an alleged debt.

24. Defendant violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect an alleged debt.

## COUNT II
## DEFENDANT'S VIOLATIONS OF THE TDCA

25. Plaintiff repeats and incorporates by reference the preceding paragraphs.

26. Defendant violated Tex. Fin. Code § 392.304(8) by misrepresenting the amount of the alleged debt in its "Statement" and in its "Pre-Legal Notification" dated April 26, 2013.

27. Defendant violated Tex. Fin. Code § 392.303(2) by attempting to collect unauthorized interest.

## COUNT III
## DEFENDANT'S VIOLATIONS OF THE TDTPA

28. Plaintiff repeats and incorporates by reference the preceding paragraphs.

29. Defendant violated the TDTPA.  Tex. Fin. Code § 392.404(a) provides that a violation of the TDCA is a violation of the TDTPA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the FDCPA, the TDCA, and the TDTPA;

- B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Tex. Fin. Code § 392.403(a)(2), and Tex. Bus. & Com. Code § 17.50(h);

- C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

- D. Costs of court and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(b), and Tex. Bus. & Com. Code § 17.50(d); and

- E. Such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 23, 2014

                        Respectfully submitted,

                        */s/ Dennis H. Waters*
                        Dennis H. Waters
                        Texas State Bar No. 00785190
                        555 Republic Drive, Suite 200
                        Plano, TX  75074-5469
                        Telephone:  (972) 516-4296
                        Facsimile:  (972) 516-4297
                        E-mail:     Dennis.H.Waters@gmail.com
                        **ATTORNEY FOR PLAINTIFF**
                        **SONY ALEXANDER**